

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Daniel A. Hoffman
Direct Dial: 212.554.7867
Fax: 212.377.6076
E-Mail: dhoffman@mosessinger.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/02/2024
```

May 1, 2024

**VIA ECF**
The Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007



    **Re:** *Concierge Auctions, LLC v. A-M 2018 Homes, LLC*, Case No. 24-cv-01681-VEC

Dear Judge Caproni:

  We are counsel to Petitioner Concierge Auctions, LLC ("Petitioner" or "Concierge"), in the above-referenced matter. Pursuant to Rule 5(B)(ii) of Your Honor's Individual Practices, we write jointly with Respondent to respectfully request the Court's permission to file with redactions Petitioner's memorandum of law in support of motion for an attachment, the Declaration of Daniel A. Hoffman in support of the motion, and Exhibit 13 thereto.

  Specifically, Petitioner respectfully requests to redact references to payments made by Respondent to individuals/entities when it closed on the sale of its property. When Respondent's counsel provided this information to Petitioner, it did so under the understanding that Petitioner would maintain the information therein confidential.

  The parties submit that the instant request comports with the prevailing Second Circuit law, which permits judicial documents to remain under seal where legitimate privacy interests outweigh the "common law presumption of access." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The weight of the presumption is based on its value "to those monitoring the federal courts" and may be counterbalanced by "competing considerations." *Id.* In balancing the weight of the presumption of access against competing factors, courts consider "the extent of the closure or sealing sought; the potential damage to [a party] from disclosure; the significance of the public interest at stake; the extent to which [a party] intend[s] to prove [its] case by relying on documents [it] seek[s] to withhold from public scrutiny; [and] whether the particular matter is integral or tangential to the adjudication." *Standard Inv. Chartered Inc. v. Nat'l Ass'n of Sec. Dealers Inc.*, No. 07-cv-2014, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) (quoting *Green Mt. Chrysler Plymouth Dodge Jeep v. Crombie*, No. 05-cv-302, 2007 WL 922255, at *5 (D. Vt. Mar. 23, 2007)). Moreover, the interest in protecting "business information that might harm a litigant's competitive standing" may be sufficient to "defeat the common law presumption." *Id.* Such "countervailing factors" also include "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

  In sum, the parties believe the limited redactions over the financial transfer information meet the above standard.



The Honorable Valerie E. Caproni
May 1, 2024
Page 2

We thank the Court for its consideration.

                                            Respectfully Submitted,

                                            */s/ Daniel A. Hoffman*
                                            Daniel A. Hoffman
                                            Moses & Singer LLP
                                            *Counsel for Petitioner*

---

Application GRANTED.  The parties may make limited redactions to the specific payments referenced in the redactions proposed by Petitioner without further application to the Court.

SO ORDERED.

[signature: Valerie Caproni]    05/02/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

---